John Doe JP v Archdiocese of N.Y. (2026 NY Slip Op 00015)

John Doe JP v Archdiocese of N.Y.

2026 NY Slip Op 00015

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Renwick, P.J., Manzanet, Gesmer, Higgitt, Michael, JJ. 

Index No. 950638/20, 950253/21, 950146/20, 951386/21, 950631/21, 950057/21, 950673/21, 950598/20, 950188/20, 950371/21, 950191/20, 950359/20|Appeal No. 5510|Case No. 2024-07684|

[*1]John Doe JP et al., Respondents,
vThe Archdiocese of New York, Appellant, John S. Burke Catholic High School, Defendant-Respondent.

Rivkin Radler LLP, Uniondale (Henry M. Mascia of counsel), for appellant.
Hasapidis Law Offices, Scarsdale (Annette Hasapidis of counsel), for F.M, and J.C., respondents.
Jeff Anderson & Associates, P.A., New York (Jack P. Boyd of counsel), for ARK407 Doe and ARK 193, ARK 183 and ARK 215, respondents.
Janet, Janet & Suggs, LLC, New York (Rita M. Gribko of counsel), for John Doe JP, respondent.
Matthews & Associates, New York (David P. Matthews of counsel), for J.K.G., respondent.
Thomas Counselors at Law, LLC, New York (Kathleen R. Thomas of counsel), for V.P, respondent.
Phillips & Paolicelli, LLP, New York (Michael H. McConnell of counsel), for PC-3 Doe, respondent.
Seeger Weiss LLP, New York (Michael L. Rosenberg of counsel), for R.A., respondent.
Herman Law, New York (Daniel Ellis of counsel), for P.B., respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered on or about December 12, 2024, which, after in camera review, directed defendant The Archdiocese of New York to disclose its Tribunal Laicization File concerning a former priest, subject to redactions of social security numbers and dates of birth, unanimously affirmed, without costs.[FN1]
In this appeal arising out of the Child Victims Act, plaintiffs allege that Francis J. Stinner sexually abused them while he was a priest in the Archdiocese. Plaintiffs further allege that although the Archdiocese was aware of Stinner's conduct against them, it nevertheless allowed him to continue in ministry. Eventually, after appointing a committee to consider the issue of whether Stinner's acts had violated ecclesiastical law, the Archdiocese laicized Stinner in 2005.
Supreme Court providently exercised its discretion in directing the Archdiocese to produce an unredacted copy of the file of the Tribunal proceedings against Stinner. Plaintiffs' discovery demands are reasonably calculated to lead to the discovery of relevant and admissible evidence bearing upon whether Stinner engaged in a pattern of abuse, whether the Archdiocese knew or should have known of the danger Stinner posed, and whether the Archdiocese acted reasonably to protect children from sexual abuse (see Beals v Roman Catholic Archdiocese of N.Y., 242 AD3d 404 [1st Dept 2025]; see J.L. v Roman Catholic Archdiocese of N.Y., 222 AD3d 483, 484 [1st Dept 2023]).
Moreover, the Archdiocese did not demonstrate that the information sought implicated canon law or sacramental issues that might give rise to a First Amendment issue (see McNierney v Archdiocese of N.Y., 221 AD3d 489, 489 [1st Dept 2023]). Although the records concern the church's removal of Stinner from the priesthood, the actions underlying this appeal do not contest or address that decision, nor do they address the religious doctrine upon which the decision was based (see Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d 282, 286 [2007]; ARK292 Doe v Archdiocese of New York, 242 AD3d 501, 502 [1st Dept 2025]). Rather, plaintiffs seek the file's contents to understand the Archdiocese's support or justification for laicizing Stinner, and as a potential source of information about the extent and timing of the church's knowledge.
We have considered the Archdiocese's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026

Footnotes

Footnote 1: This appeal is proceeding under the John Doe JP docket number. However, the lower court's order was applicable to twelve matters involving allegations of sexual abuse. Plaintiffs-respondents have jointly submitted one brief.